Nazo Koulloukian, (SBN 263809)
  nazo@koullaw.com
Hilary Silvia, Of-Counsel, (SBN 237993)
  hilary@koullaw.com
**KOUL LAW FIRM, APC**
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (213) 761-5484
Facsimile: (818) 561-3938

Attorneys for Plaintiff,
PABLO GARCIA CAMPOS on behalf of
himself, all aggrieved employees, and the State
of California as a Private Attorneys General

**FILED**

DEC 0 6 2024

David V.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

FAX FILED

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF HUMBOLDT

PABLO GARCIA CAMPOS, individuals, on
behalf of himself, all aggrieved employees, and
the State of California as a Private Attorneys
General,

                    Plaintiff,

vs.

GREEN DIAMOND RESOURCE
COMPANY, a Washington corporation, and
DOES 1-50, inclusive,

                    Defendant.

Case No.: **C V 2 4 0 2 3 1 8**

**REPRESENTATIVE ACTION**

**Violation of the Private Attorneys General
Act of 2004, Cal. Labor Code §2698** *et seq.*

COMPLAINT - 1

Plaintiff PABLO GARCIA CAMPOS brings this PAGA representative action complaint on behalf of himself, all aggrieved employees, and the State of California as a Private Attorneys General, and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff PABLO GARCIA CAMPOS worked as an hourly, nonexempt employee for Defendants GREEN DIAMOND RESOURCE COMPANY; and Does 1-50 (collectively "Defendant").

2. Plaintiff PABLO GARCIA CAMPOS worked for Defendant as a Hook Tender from April 2007 through June 2024. Plaintiff brings this action pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code §2698 et seq., on a representative basis. All current and former hourly, nonexempt employees of Defendant within one year of serving notice on the LWDA to the present are aggrieved employees.

3. Defendant failed to comply with California Labor Code requirements due to erroneous, willful and intentional employment practices and policies. Plaintiff brings this representative action on behalf of himself, all other similarly situated aggrieved employees, and the State of California, based upon the claims articulated below. Plaintiff provided notice of his claims pursuant to §2698 et. seq., to the Labor and Workforce and Development Agency ("LWDA") as illustrated by the attached Exhibit, the content of which is expressly incorporated herein. The LWDA has not provided any notice to Plaintiff following the exhaustion of the 65-day notice period required by 2699.3(a)(2)(B). Accordingly, Plaintiff now brings this Complaint for civil penalties under the Private Attorneys General Act ("PAGA"), Labor Code §2698 et seq.

4. Defendant has had a consistent policy and/or practice of: (1) failure to pay for all hours worked, including overtime hours worked; (2) failure to pay wages due upon termination; (3) failure to provide rest breaks; (4) failure to provide suitable resting facilities; (5) failure to provide uninterrupted meal breaks; (6) failure to reimburse for required business expenses; (7) failure to provide potable drinking water; (8) failure to provide accurate itemized wage statements and violation of record keeping requirements. Defendant is therefore liable for civil penalties under the

Cal. Labor Code, including the Private Attorney General Act ("PAGA"), Labor Code §2698 *et seq.*, as described more fully herein.

## THE PARTIES

5. Plaintiff PABLO GARCIA CAMPOS is a resident of the State of California and worked for Defendant until June 2024.

6. Defendant GREEN DIAMOND RESOURCE COMPANY is a Washington corporation authorized to do business and do business in California with the capacity to sue and to be sued, and doing business, in the county of Humboldt in the State of California.

7. Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendant sued as DOES 1 through 50, but is informed and believes and thereon alleges that said Defendant is legally responsible for the wrongful conduct alleged herein and therefore sues Defendant by such fictitious names, Plaintiff will amend this complaint when their true names and capabilities are ascertained.

8. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other aggrieved employees of the representative class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## JURISDICTION AND VENUE

9. Venue is proper in this judicial district because each Defendant conducts business in this county and each Defendant has legal obligations to Plaintiff and many of the aggrieved employees in this case that arose in this county.

10. The statutory penalties sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Based on information, investigation and analysis, Plaintiff alleges that the amount in controversy, including claims for

monetary damages, penalties and attorney's fees is more than twenty-five thousand dollars ($25,000).

11. The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California and Defendant is qualified to do business in California and regularly conduct business in California. Further, there is no federal question at issue as the claims herein are based solely on California law.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

12. During the relevant time period, Defendant committed various violations of the California Labor Code as alleged below in more detail. Defendant enforces multiple policies that violate state law, which are intended to increase profits to the detriment of aggrieved employees.

13. This representative action represents over one hundred current and former aggrieved employees.

14. For at least one (1) year prior to the date of service notice on the LWDA, and continuing to the present, Defendant engaged in unlawful employment practices that resulted in violations of numerous Labor Code sections, as set forth more fully below.

15. Plaintiff and all current and former hourly, nonexempt employees within one year of filing this action to the present are aggrieved employees within the meaning of Labor Code 2699, et seq. (See Labor code §2699(c).)

16. Defendant, and each of them, have committed the following violations of the California Labor Code:

### Failure to Pay For All Hours Worked, Including Overtime Hours Worked

(Cal. Labor Code §§00, 204, 206, 206.5, 210, 216, 218, 218.6, 221, 223, 510, 511, 558, 1194, 1197, 1197.1, 1198, 2698 et seq., Wage Order 5)

17. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

18. Section 2(K) or Wage Order 5 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and including all the time the employee is suffered or permitted to work, whether or not required to do so." Labor Code §§1194 and 1197

require Defendant to compensate employees for all hours worked at least at minimum wage as established by the Wage Order. Additionally, overtime hours are required to be paid at an employee's regular rate of pay, incorporating all nondiscretionary income and bonuses.

19. Labor Code § 222 provides that "[i]t shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon." Here, Plaintiff and aggrieved employees are subject to a collective bargaining agreement that sets forth the required rates of pay for all hours worked. However, Defendant did not pay for all hours worked because Defendant rounded timecards to the quarter-hour so that employees were generally only paid from their shift start to shift end time, instead of actual hours worked. This resulted in a failure to pay all hours worked, including a failure to pay all overtime wages owed at the regular rate of pay.

20. Plaintiff and his coworkers were required to record their time on a phone app which was technologically capable of capturing the exact clock in and clock out time, but instead Defendant rounded time entries. Wage statements consistently reported hours in full-hour, half-hour, or quarter-hour increments and did not indicate additional minutes or fractions of hours worked.

21. Defendant has violated numerous Labor Codes sections, including §§204, 206, 206.5, 210, 216, 218, 218.6, 221, 222, 223, 510, 558, 1194, 1197, 1197.1, §1198 and Wage Order 5. Defendant is liable for civil penalties pursuant to Labor Code §§558 and 2698 et seq.

22. Failure to Pay Overtime Wages. Defendant required Plaintiff and aggrieved employees to work hours in excess of eight hours in a day and forty in a week but has not paid these employees overtime compensation as required by California law or any collective bargaining agreement in violation of labor Code §222. As a result, Plaintiff and aggrieved employees have been denied payment for all hours worked as required by Cal. Labor Code §222, §1194, §1198. Defendant is liable for civil penalties pursuant to Labor Code §558 and 2699 et seq.

23. Failure to Pay Wages- Required Minimum Wage. Pursuant to Labor Code §§ 1194, 1194.2 and 1197, it is unlawful for an employer to suffer or permit a California employee to work

without paying wages at the proper minimum wage for all time worked as required by the Applicable Wage Orders. Pursuant to the Applicable Wage Orders "hours worked" include "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

24. During the applicable recovery period, Aggrieved Employees were suffered, permitted, and required to perform work by Defendant for which they received no pay. In particular, as alleged above, Defendant failed, and continues to fail, to pay Aggrieved Employees for time spent off the clock and on unpaid meal periods. The aforementioned acts by Defendant were undertaken with the intention of depriving Aggrieved Employees of their earned wages. As a result of these ongoing violations, Defendant is liable for, among other things, civil penalties pursuant to Labor Code §§ 558 & 2698 et seq.

25. <u>Failure to Pay All Wages Owed Twice Per Month.</u> Defendant was required to pay Plaintiff and aggrieved employees all wages earned twice during each calendar month pursuant to Labor Code §204(a). Defendant failed to pay all wages earned to employees as a result of the unlawful employment policies and practices discussed herein. As a result of these practices, Plaintiff and aggrieved employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendant is liable under Labor Code §210 for failure to pay wages as required by law

<h3 style="text-align:center">Failure to Pay All Wages Due Upon Termination</h3>

<h3 style="text-align:center">(Cal. Lab. Code §§201, 202, 203, 256 and 2698 <i>et seq.</i>)</h3>

26. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

27. An employee who is discharged must be paid all of his or her wages, including accrued vacation, immediately at the time of termination. (Labor Code Sections 201 and 227.3.) As set forth above, Defendant knowingly and willfully failed to pay all compensation due and owing to Plaintiff at the time employment terminated.

28. Defendant willfully failed to pay employees who are no longer employed by it all compensation due upon termination of employment as required by Cal. Lab. Code §§201 and 202. Plaintiff and similarly situated individuals are now entitled to recover up to thirty (30) days pay as waiting time under the terms of §203. Moreover, Defendant is liable for civil penalties pursuant to Cal. Lab. Code § 2698 *et. seq.*

### Failure to Rest Breaks

(Cal. Lab. Code §§226, 226.7, 512, 558, 1198, 2698 *et seq.*)

29. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporates said paragraphs herein by reference.

30. Defendant has failed to maintain a compliant rest period policy and practice that provides its employees with off-duty rest periods as required by California law. Plaintiff reports that he and his coworkers rarely received third rest period, despite working frequent 11- and 12-hour shifts.

31. Defendant did not authorize or permit all of its hourly employees to take at least a ten minute rest period in which they were relieved of all duties, for every 4 hours of work, or major fraction thereof, as required by Cal. Lab. Code §226.7, §512 and Wage Orders. When breaks were missed Defendant failed to pay the 1-hour penalty, as required. Because Defendant violated the Wage Order, Defendant is liable under Labor Code §1198. As a result of these violations, Defendant is liable for civil penalties pursuant to Cal. Labor Code §2698 *et. seq.*

### Failure To Provide Suitable Resting Facilities

(Lab. Code §§ 226.7,1198, 2698 *et seq* and Wage Orders)

32. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

33. Per section 13 of all applicable IWC Wage Orders, employees shall be provided with suitable resting facilities. Section 13(B) of the Wage Orders provides: "Suitable resting facilities shall be provided in an area separate from the toilet rooms and shall be available to employees during work hours."

34. Defendant did not provide resting facilities or bathrooms. Defendant could have provided employees with a resting facility, or at minimum a portable toilet, but instead denied and continue to deny, employees with suitable areas to rest. As a result, employees were forced to adjust to areas not conducive to resting. Defendant did not provide employees with suitable resting facilities during their hours of work, particularly during meal and/or rest periods. Defendant's failure to provide suitable resting facilities to aggrieved employees violated and continues to violate the applicable Wage Order, section 13(B) and the California Labor Code, including but not limited to section 1198.

### Failure to Provide Uninterrupted Meal Breaks & Second Meal Breaks

(Cal. Lab. Code §§226, 226.7, 512, 558, 1198, 2699 *et seq.*)

35. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

36. During Plaintiff's employment, Defendant failed to maintain a compliant meal period policy and practice. Defendant failed to provide all of its hourly employees with their right to take an off-duty unpaid 30-minute meal period. Labor Code §512 provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes…" Labor Code §226.7(a) provides, "[n]o employer shall require an employee to work during any meal… period mandated by an applicable order of the Industrial Welfare Commission." Paragraph 11(A) of the Wage Orders provides, in pertinent part, "[u]nless an employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked." Labor Code 1198 states that any violation of a wage order is a violation of the Labor Code.

37. Plaintiff and aggrieved employees consistently worked shifts in excess of 10 hours, they were entitled to a second meal period, which was rarely permitted. Additionally, meal period clock in and clock out entries were rounded, failing to record the meal period's actual start and stop times. As states herein, employees were also denied suitable resting facilities. Plaintiff and aggrieved employees were not paid a premium payment, paid as an hour's wage when meal periods were not given to them in compliance with California law.

## Failure to Reimburse For Required Business Expenses

(Cal. Lab. Code §§21198, 2802, 2699)

38. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

39. Labor Code §2802 requires employers to indemnify employees for necessary expenditures or losses incurred by employees in direct consequence of discharge of duties. Here, Plaintiff and aggrieved employees to utilize their personal cell phones for work purposes, including but not limited to using an app to clock in and out, without reimbursing for the use of their personal devices.

## Failure to Provide Potable Drinking Water

(Cal. Lab. Code §§226.7, 2441)

40. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

41. Rest breaks did not comply with state laws as required by Labor Code §226.7 for numerous reasons, including because employees were denied sufficient potable water.

42. California Labor Code §2441 requires employers to provide fresh, free, and pure drinking water for employees, at reasonable and convenient times and places. 8 CCR §3395 requires the provision of "potable drinking water meeting the requirements of §§1524, 3363, and 3457, as applicable, including but not limited to the requirements that it be fresh, pure, suitably cool, and provided to employees free of charge."8 CCR § 3457(c) further requires the provision of potable drinking water and single-use cups.

43. Defendant did not provide employees with sufficient water at worksites. For example, Plaintiff consistently purchased and brought his own water to work.

44. Pursuant to §2441, "Any violation of this section is punishable for each offense by a fine of not less than fifty dollars ($50), nor more than two hundred dollars ($200), or by imprisonment for not more than 30 days, or by both the fine and imprisonment." Pursuant to Cal. Labor Code §6712, "any employer who fails to provide the facilities required by the field sanitation

standard shall be assessed a civil penalty...of not less than seven hundred fifty dollars ($750) for each violation."

### Failure to Provide Accurate Itemized Wage Statements & Violation of Record Keeping Requirements

(Cal. Labor Code §§6226, 1174, 1174.5, 2699 *et seq.*)

45. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

46. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiff and the aggrieved employees in accordance with Labor Code §§ 226 and keep accurate records as required by §1174(d). The statements provided to Plaintiff and aggrieved employees, and the records maintained by Defendant, have not accurately reflected actual gross wages earned, including pay for all hours worked and the accurate rate of pay for all hours worked, and overtime pay, and pay for meal and rest period penalty wages. Wage statements further fail to state the true name and address of the legal entity that is the employer.

47. §226 (a) requires:

A. An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is

a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

48. Such failures caused injury to Plaintiff and others, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Defendant knowingly and intentionally failed to accurately itemize the gross wages earned, net wages earned, and total hours worked. Defendant is liable for civil penalties pursuant to Labor Code § 2698 *et seq.*

49. Finally, Defendant has violated Labor Code §432.5 by forcing Plaintiff and aggrieved employees to sign employment-related contracts and documents that contained unlawful terms of employment.

## FIRST CAUSE OF ACTION

**Against Defendant for Violation of the Private Attorneys General Act ("PAGA")**

**(California Labor Code §2698 *et seq.*)**

50. Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

51. Plaintiff is an "aggrieved employee" under PAGA, as he was employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover on behalf of himself and all other current and former aggrieved employees of Defendant, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

52. Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, class certification of the PAGA claims brought herein is not required.

53. Plaintiff seeks civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

a. Failure to Pay For All Hours Worked, Including Overtime Hours Worked (Cal. Labor Code §§200, 204, 206, 206.5, 210, 216, 218, 218.6, 221, 222, 223, 510, 511, 558, 1194, 1197, 1197.1, 1198, 2698 *et seq.*, Wage Order 5);

b. Failure to Pay Wages Due Upon Termination (Cal. Labor Code §§ 201, 202, 203 and 2698)

c. Failure to Provide Rest Breaks (Cal. Labor Code §§226, 226.7, 512, 558, 1198, 2698 *et seq*)

d. Failure to Provide Suitable Resting Facilities (Cal. Labor Code §§226.7, 1198, 2698 *et seq*)

e. Failure to Provide Uninterrupted Meal Breaks (Cal. Labor Code §§226, 226.7, 512, 558, 1198, 2699 *et seq.*)

f. Failure to Reimburse for Required Business Expenses (Cal. Labor Code §§ 1198, 2802 and 2699 *et seq.*)

g. Failure to Provide Potable Drinking Water (Cal. Labor Code §§2441)

h. Failure to Provide Accurate Itemized Wage Statements (Cal. Labor Code §§ 226, 1174, 1174.5, 2699 *et seq.*).

54. With respect to violations of Labor Code §226(a), Labor Code §226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code §226(a).

55. With respect to violations of Labor Code §512, Labor Code §558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid.

56. Labor Code §2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay

period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

57. Plaintiff and the other current and former employees of Defendant are aggrieved employees. They were or are employed by Defendant, and each of them, and the violations alleged herein were committed against them. Plaintiff brings this action on behalf of himself and all other current and former aggrieved employees.

58. At the time of each violation, Defendant employed one or more employees.

59. As a result of the aforesaid wrongful and illegal conduct of Defendant, and each of them, Plaintiff and aggrieved employees are entitled to civil penalties in an amount to be determined at trial, pre-judgment interest, costs and attorneys' fees.

60. Plaintiff has complied with all procedural requirements of Labor Code §2699.3 prior to filing this Complaint. By the Notice attached as Exhibit 1, submitted online to the Labor and Workforce Development Agency ("LWDA") and served by certified mail upon Defendant, Plaintiff through counsel notified the LWDA and Defendant of the specific Labor Code provisions that Defendant has violated. The LWDA did not respond to Plaintiff's Notice within the statutory timeframe, and Plaintiff has therefore exhausted administrative remedies. Pursuant to Labor Code §2699.3, Plaintiff may now pursue their PAGA claims in this action on behalf of aggrieved employees and the State of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the aggrieved employees, prays for judgement against Defendant as follows:

1. An award of civil penalties pursuant to PAGA and the Cal. Labor Code in an amount to be determined at trial, but at least the jurisdictional amount of this Court;

2. An award of reasonable attorneys' fees and costs pursuant to California Labor Code §2699(g) and/or other applicable law;

3. For civil penalties as provided under Labor Code §§226.3 and 558, and/or other applicable law;

4. Pre-judgement and post-judgement interest as provided by law; and

5.    Such other and further relief that the Court may deem just and proper.

DATED:  December 4, 2024                    **KOUL LAW FIRM, APC**

Nazo Koulloukian, Esq.
Attorneys for Plaintiff PABLO GARCIA
CAMPOS, and all aggrieved employees

# EXHIBIT 1

 **KoulLaw**

Nazo@Koullaw.com

P (213) 761 – 5484

F (818) 561 – 3938

www.koullaw.com

3435 WILSHIRE BLVD

SUITE 1710

LOS ANGELES, CA 90010

September 25, 2024

**Via E-filing:**
California Labor & Workforce
Development Agency
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

**Via Certified U.S. Mail:**
Green Diamond Resource Company
1301 Fifth Avenue, Suite 2700
Seattle, Washington 98101

Green Diamond Resource Company
c/o 1505 Corporation/CT Corporation System
330 North Brand Boulevard, Suite 700
Glendale, CA 91203

Re:    PAGA Notice Pursuant to California Labor Code §2699
       Claimant:    Pablo Garcia Campos
       Employer:    Green Diamond Resource Company

Dear Sir or Madam:

Claimant Pablo Garcia Campos has retained Nazo Koulloukian, Esq. of the Koul Law Firm, APC, to represent him, and all other aggrieved employees, for wage and hour claims against his former employer, Green Diamond Resource Company (hereafter "Employer").

Claimant worked for Employer as a Hook Tender on an hourly, non-exempt basis from April 2007 through June 2024.

Employer has violated, and/or has caused to be violated, several Labor Code provisions and is therefore liable for civil penalties under Cal. Labor Code §2698 *et seq.* We request that your agency investigate the claims alleged below or permit Claimant to seek civil penalties under the Private Attorney General Act ("PAGA"), Labor Code §2698 *et seq.*, on behalf of the Labor and Workforce and development Agency ("LWDA") and the State of California in a representative action. This letter will serve as notice of these allegations pursuant to Cal. Lab. Code §2699.3.

## Failure to Pay For All Hours Worked, Including Overtime Hours Worked

(Cal. Labor Code §§204, 206, 206.5, 210, 216, 218, 218.6, 221, 222, 223, 510, 558, 1194, 1197, 1197.1, 1198, 2698 *et seq.,* Wage Order 5)

Section 2(K) or Wage Order 5 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and including all the time the employee is suffered or permitted to work, whether or not required to do so." Labor Code §§1194 and 1197 require Employer to compensate employees for all hours worked at least at minimum wage as established by the Wage Order. Additionally, overtime hours are required to be paid at an employee's regular rate of pay, incorporating all nondiscretionary income and bonuses.

Labor Code § 222 provides that "[i]t shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon." Here, Claimant and aggrieved employees are subject to a collective bargaining agreement that sets forth the required rates of pay for all hours worked. However, Employer did not pay for all hours worked because Employer rounded timecards to the quarter-hour so that employees were generally only paid from their shift start to shift end time, instead of actual hours worked. This resulted in a failure to pay all hours worked, including a failure to pay all overtime wages owed at the regular rate of pay.

Claimant and his coworkers were required to record their time on a phone app which was technologically capable of capturing the exact clock in and clock out time, but instead Employer rounded time entries. Wage statements consistently reported hours in full-hour, half-hour, or quarter-hour increments and did not indicate additional minutes or fractions of hours worked.

Employer has violated numerous Labor Codes sections, including §§204, 206, 206.5, 210, 216, 218, 218.6, 221, 222, 223, 510, 558, 1194, 1197, 1197.1, §1198 and Wage Order 5. Employer is liable for civil penalties pursuant to Labor Code §§558 and 2698 *et seq.*

Failure to Pay Overtime Wages

Employer has required Claimant and aggrieved employees to work hours in excess of eight hours in a day and forty in a week but has not paid these employees overtime compensation as required by California law or any collective bargaining agreement in violation of labor Code §222. As a result, Claimant and aggrieved employees have been denied payment for all hours worked as required by Cal. Labor Code. §222, §1194, §1198. Employer is liable for civil penalties pursuant to Labor Code §§558 and 2699 *et seq.*

Failure to Pay Wages- Required Minimum Wage

Employer failed to pay Claimant and aggrieved employees for all hours worked as a result of Employer's practices described above. When employees are working off the clock due to time rounded out of their timecards, they are paid zero wages for that time, in violation of California

Page 2

law requiring employees to be paid at least minimum wage for all hours worked in violation of Labor Code §1197, 1197.1, 1199 and Wage Order 5-2001 4(B). Employer is liable for civil penalties pursuant to Labor Code §§558 and 2699 *et seq.*

Failure to Pay All Wages Owed Twice Per Month

Employer was required to pay Claimant and aggrieved employees all wages earned twice during each calendar month pursuant to Labor Code §204(a). Employer failed to pay all wages earned to employees as a result of the unlawful employment policies and practices discussed herein. As a result of these practices, Employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Employer is liable under Labor Code §210 for failure to pay wages as required by law.

## Failure to Pay Wages Due Upon Termination

## (Cal. Lab. Code §§201, 202, 203 and 2698 *et seq.*)

An employee who is discharged must be paid all of his or her wages immediately at the time of termination. (Labor Code Sections 201 and 227.3.) As set forth above, Employer knowingly and willfully failed to pay all compensation due and owing to Claimant at the time employment terminated. Employer willfully failed to pay employees who are no longer employed by it all compensation due upon termination of employment as required by Cal. Lab. Code §§201 and 202. Claimant and similarly situated individuals are now entitled to recover up to thirty (30) days pay as waiting time under the terms of §203. Moreover, Employer is liable for civil penalties pursuant to Cal. Lab. Code § 2698 *et. seq.*

## Failure to Provide Rest Breaks

## Cal. Labor Code §§226, 226.7, 512, 558, 1198, 2698 *et seq.*

Employer has failed to maintain a compliant rest period policy and practice that provides its employees with off-duty rest periods as required by California law. Claimant reports that he and his coworkers never received third rest period, despite working frequent 11- and 12-hour shifts.

Employer did not authorize or permit all of its hourly employees to take at least a ten minute rest period in which they were relieved of all duties, for every 4 hours of work, or major fraction thereof, as required by Cal. Lab. Code §226.7, §512 and Wage Order 5-2001 11(A). When breaks were missed Employer failed to pay the 1-hour penalty, as required. Because Employer violated the Wage Order, Employer is liable under Labor Code §1198. As a result of these violations, Employer is liable for civil penalties pursuant to Cal. Labor Code §2698 *et. seq.*

## Failure to Provide Suitable Resting Facilities

## (Cal. Labor Code §§ 226.7, 1198, 2698 *et seq*)

Per section 13 of all applicable IWC Wage Orders, employees shall be provided with suitable resting facilities. Section 13(B) of the Wage Orders provides: "Suitable resting facilities shall be provided in an area separate from the toilet rooms and shall be available to employees during work hours."

Employer did not provide resting facilities or bathrooms. Employer could have provided employees with a resting facility, or at minimum a portable toilet, but instead denied and continue to deny, employees with suitable areas to rest. As a result, employees were forced to adjust to areas not conducive to resting. Employer did not provide employees with suitable resting facilities during their hours of work, particularly during meal and/or rest periods. Employer's failure to provide suitable resting facilities to aggrieved employees violated and continues to violate the applicable Wage Order, section 13(B) and the California Labor Code, including but not limited to section 1198.

## Failure to Provide Uninterrupted Meal Breaks

## Cal. Labor Code §§226, 226.7, 512, 558, 1198, 2698 *et seq.*

During Claimant's employment, Employer failed to maintain a compliant meal period policy and practice. Employer failed to provide all of its hourly employees with their right to take all required off-duty unpaid 30-minute meal periods. Labor Code §512 provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes..." Labor Code §226.7(a) provides, "[n]o employer shall require an employee to work during any meal... period mandated by an applicable order of the Industrial Welfare Commission." Paragraph 11(A) of the Wage Orders provides, in pertinent part, "[u]nless an employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked." Labor Code 1198 states that any violation of a wage order is a violation of the Labor Code.

Because Claimant and aggrieved employees consistently worked shifts in excess of 10 hours, they were entitled to a second meal period, which was never permitted. Additionally, meal period clock in and clock out entries were rounded, failing to record the meal period's actual start and stop times. As stated herein, employees were also denied suitable resting facilities.

Employees were not paid a premium payment, paid as an hour's wage when meal periods were not given to them in compliance with California law.

### Failure to Reimburse For Required Business Expenses

Labor Code §2802 requires employers to indemnify employees for necessary expenditures or losses incurred by employees in direct consequence of discharge of duties. Here, Employer required Claimant and aggrieved employees to utilize their personal cell phones for work purposes, including but not limited to using an app to clock in and out, without reimbursing for the use of their personal devices. Accordingly, Employer is liable for civil penalties under PAGA §2699 *et eq.*

### Failure to Provide Potable Drinking Water
### (Cal. Labor Code §2441)

California Labor Code §2441 requires employers to provide fresh, free, and pure drinking water for employees, at reasonable and convenient times and places. 8 CCR §3395 requires the provision of "potable drinking water meeting the requirements of §§1524, 3363, and 3457, as applicable, including but not limited to the requirements that it be fresh, pure, suitably cool, and provided to employees free of charge."8 CCR § 3457(c) further requires the provision of potable drinking water and single-use cups.

Employer did not provide employees with sufficient water at worksites. For example, Claimant consistently purchased and brought his own water to work.

Pursuant to §2441, "Any violation of this section is punishable for each offense by a fine of not less than fifty dollars ($50), nor more than two hundred dollars ($200), or by imprisonment for not more than 30 days, or by both the fine and imprisonment." Pursuant to Cal. Labor Code §6712, "any employer who fails to provide the facilities required by the field sanitation standard shall be assessed a civil penalty...of not less than seven hundred fifty dollars ($750) for each violation."

### Failure to Provide Accurate Itemized Wage Statements & Violation of Record Keeping Requirements
### (Cal. Labor Code §§ 226, 1174, 1174.5, 2699 *et seq*)

Employer knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Claimant and the aggrieved employees in accordance with Labor Code §§ 226 and keep accurate records as required by §1174(d). The statements provided to Claimant and aggrieved employees, and the records maintained by Employer, have not accurately reflected total hours worked, actual gross wages earned, including pay for all hours worked, penalty payments, and overtime.

Such failures caused injury to Claimant and others, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Employer knowingly and intentionally failed to itemize the gross wages earned, net wages earned,

and total hours worked. Employer is liable for civil penalties pursuant to Labor Code § 2698 *et seq.*

Finally, Employer has violated Labor Code §432.5 for forcing Claimant and aggrieved employees to sign employment related contracts and documents that contained unlawful terms of employment.

### Conclusion

Employer has violated a number of California wage and hour laws. Claimant respectfully requests that the agency investigate the above allegations and hereby provides notice of the allegations pursuant to PAGA's provisions. Alternatively, Claimant requests that the agency inform him if it does not intend to investigate these violations so that he may pursue his claims as a representative action in civil court.

Respectfully submitted,

Nazo Koulloukian, Esq.
Attorneys for Claimant

Page 6