UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO GARCIA CAMPOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREEN DIAMOND RESOURCE COMPANY,<br><br>　　　　Defendant. | Case No. 25-cv-00663-AMO<br><br>**ORDER DENYING MOTION TO REMAND & GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 7, 15 |

This is a representative employment action involving wage and hour and other related employment claims. Plaintiff Pablo Garcia Campos's motion to remand and Defendant Green Diamond Resource Company's ("Green Diamond") motion to dismiss were both heard before this Court on May 8, 2025. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby **DENIES** Plaintiff's motion to remand and **GRANTS** Defendants' motion to dismiss for the following reasons.

I.      **BACKGROUND**

Campos brings this action on behalf of himself and other aggrieved employees against Green Diamond for multiple purported violations of the California Labor Code. *See* Compl.[1] Campos is a member of Woodworkers District Lodge 1 IAM Local Lodge W98 (the "Union"), which operated under the Working Agreement by and between Green Diamond Resource Company Korbel Operations and International Association of Machinists and Aerospace Workers

---

[1] Unless otherwise noted, the Court accepts Campos's allegations in the Complaint as true and construes the pleadings in the light most favorable to Campos. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

AFL-CIO Woodworkers District Lodge 1 IAM Local Lodge W98 (June 1, 2021 through May 31, 2025) (the "CBA"), effective until May 31, 2025. *See* RJN, Ex. A (ECF 7-3).

Campos and other employees were required to work off-the-clock without compensation and were subjected to unlawful rounding practices that resulted in unpaid wages. Compl. ¶¶ 18-22. Green Diamond failed to include all forms of compensation, such as nondiscretionary bonuses, in calculating overtime wages. Compl. ¶¶ 23-25. Green Diamond did not provide meal and rest breaks in accordance with California law, forcing employees to work through their breaks or discouraging them from taking their legally mandated rest periods. Compl. ¶¶ 29-34. Employees were further denied reimbursement for business-related expenses and were not provided potable drinking water or suitable resting facilities, in violation of statutory protections. Compl. ¶¶ 35-41.

Campos filed this representative action under California's Labor Code Private Attorneys General Act of 2004 ("PAGA") in Humboldt Superior Court. *See* Compl. Though the Complaint advances only a single cause of action under PAGA, it asserts the following theories of liability:

1) Failure to Pay for All Hours Worked, Including Overtime Hours

2) Failure to Pay Wages Due upon Termination

3) Failure to Provide Rest Breaks

4) Failure to Provide Suitable Resting Facilities

5) Failure to Provide Uninterrupted Meal Breaks

6) Failure to Reimburse for Required Business Expenses

7) Failure to Provide Potable Drinking Water

8) Failure to Provide Accurate Itemized Wage Statements

Compl. ¶ 53. Green Diamond removed the case based on federal question jurisdiction – preemption under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Quickly after removing, Green Diamond moved to dismiss the case under theories of preemption, failure to exhaust, and failure to state a claim. *See* ECF 7. Campos opposes dismissal

1  and moves to remand the case to Humboldt Superior based on the absence of federal subject
2  matter jurisdiction. *See* ECF 15.

3  **II.    DISCUSSION**

4        Green Diamond argues that Campos's claims are preempted by Section 301 of the LMRA,
5  29 U.S.C. § 185(a), because resolution of his claims will require interpretation of the CBA.  In
6  substance, Green Diamond advances that application of the CBA preempts all of Campos's wage
7  and hour theories of liability under state law, requiring dismissal.  Campos argues the converse –
8  he contends that the CBA does not displace his PAGA claim because the theories of liability all
9  arise solely from state law, particularly the California Labor Code, without reference to the CBA,
10 requiring remand.

11       Based on the parties' arguments, the two motions require answering the same question
12 regarding LMRA preemption with slightly different outcomes.  For Campos, if the claims can be
13 resolved without application of the CBA, then the PAGA claim is not completely preempted by
14 the LMRA, there is no federal question jurisdiction, and his motion to remand the case to state
15 court must be granted.  For Green Diamond, if the PAGA claim requires application of the CBA,
16 then jurisdiction necessarily rests in this Court based on the preemption of the LMRA, and the
17 PAGA claim fails as a matter of law according to the grievance procedure of the CBA.

18     **A.    Legal Standard**

19       "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded
20 complaint rule,' which provides that federal jurisdiction exists only when a federal question is
21 presented on the face of the plaintiff's properly pleaded complaint." *Balcorta v. Twentieth*
22 *Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).  However, "[o]nce an area of state
23 law has been completely pre-empted, any claim purportedly based on that pre-empted state law is
24 considered, from its inception, a federal claim, and therefore arises under federal law."
25 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  The complete preemption doctrine is "a
26 narrow exception" to the well-pleaded complaint rule and only applies in "a handful of
27 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise
28 under federal law for jurisdictional purposes." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668

3

1  (9th Cir. 1993). "The complete preemption doctrine is sometimes implicated in cases raising

2  claims preempted by § 301 of the LMRA." *Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp.

3  3d 1194, 1198 (C.D. Cal. 2015) (internal citations omitted).

4        Section 301(a) of the LMRA conveys federal courts jurisdiction to hear "[s]uits for

5  violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a); *see*

6  *also Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23

7  (1983). Section 301 was intended to "fashion a body of federal common law to be used to address

8  disputes arising out of labor contracts." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th

9  Cir. 2007) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)). As such, Section

10 301 "is an essential component of federal labor policy" that "has such 'extraordinary pre-emptive

11 power' that it 'converts an ordinary state common law complaint into one stating a federal claim

12 for purposes of the well-pleaded complaint rule.' " *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146,

13 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). "In other words,

14 a civil complaint raising claims preempted by § 301 raises a federal question that can be removed

15 to a federal court." *Curtis*, 913 F.3d at 1152 (citation omitted). "The Supreme Court has

16 stressed," however, "that '§ 301 cannot be read broadly to pre-empt nonnegotiable rights

17 conferred on individual employees as a matter of state law.' " *Curtis*, 913 F.3d at 1152 (quoting

18 *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)).

19       To determine whether a claim is preempted under Section 301, courts in the Ninth Circuit

20 apply the two-step *Burnside* test. *Curtis*, 913 F.3d at 1152 (citing *Alaska Airlines Inc. v. Schurke*,

21 898 F.3d 904, 913-14 (9th Cir. 2018)). "First a court must determine 'whether the asserted cause

22 of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the

23 right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends

24 there.' " *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)

25 (quoting *Burnside*, 491 F.3d at 1059). If the right underlying the state law claims exists

26 independently of the CBA, courts move to the second step and ask "whether the right is

27 nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Id.* at

28

1032 (internal quotation marks and citation omitted). If the right is substantially dependent on a CBA, then the claim cannot proceed under state law. *Id.*

### B.  Analysis

To resolve a significant portion of Green Diamond's motion to dismiss and the totality of Campos's motion to remand, the Court focuses on whether the CBA governs the PAGA claim and whether Section 301 preempts the claim.

As an initial matter, the Court notes that its analysis must focus on the "legal character" of Campos's claim and whether it seeks vindication of a right originating from the CBA or state law. *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1234 (S.D. Cal. 2021) (stating, for example, that the "distinction between bringing [a] PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption."). Campos maintains that his sole PAGA claim necessarily sounds in state law without reference to the CBA. This contention ignores *Martinez*'s basic premise that a claim does not sound in state law simply because a plaintiff designates it so without reference to an operative CBA.

With that in mind, two areas provide the most direct course of analysis on the issue of preemption. The first is overtime, as its analysis stops at the first step in the *Burnside* test and provides a relatively straightforward grant of jurisdiction. The second area to test preemption is the one most heavily emphasized by Green Diamond – Campos's failure to exhaust the grievance process under the CBA. Because Section 301 requires exhaustion of administrative grievance procedures under a CBA, failure to exhaust precludes judicial relief and requires dismissal. The Court takes up these two areas of analysis in turn.

#### 1.  Overtime

Green Diamond argues that the LMRA preempts Campos's overtime-related claims and confers federal subject matter jurisdiction. The Ninth Circuit instructs that if the CBA in question meets the requirements of Labor Code Section 514, the plaintiff's right to overtime exists solely as a result of the CBA and is thus preempted under § 301. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1154 (9th Cir. 2019).

1     Under California Labor Code Section 514, California's overtime provisions "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

Here, the CBA satisfies the requirements of Section 514. The CBA provides for the wages of employees: Article 10 sets wages, Article 16 sets holidays, and Addendum A sets the default, minimum straight time rate for regular hours of work. *See* RJN, Ex. A (ECF 7-3 at 13-14, 24-25, 47). The CBA also provides for the hours of work: Article 6 defines the workweek, supplies hours of labor, establishes overtime, provides for the adjustment of workweeks, and provides for double time compensation. *See id.*, Ex. A (ECF 7-3 at 10-12). The CBA furnishes working conditions: Section 21 addresses working condition requirements, requires routine safety inspections, and provides for a process to report unsafe conditions. *See id.*, Ex. A (ECF 7-3 at 30). Further, the CBA establishes more than one hundred thirty percent (130%) of the state minimum wage for each year applicable to the Complaint: in 2023, the lowest hourly wage in the CBA was $26.26, whereas minimum wage was $15.50 (making 130% $20.15); and in 2024, the lowest hourly wage in the CBA was $26.79, whereas minimum wage was $16.00 (making 130% $20.80). *See id.*, Ex. A (ECF 7-3 at 47-48, Addendum A). Campos does not resist the application of Section 514 to the CBA, instead blindly repeating that his claims arise from state law rather than "solely" from the CBA. *See* Reply (ECF 19) at 5 (emphasis omitted). This incantation ignores *Curtis*, 913 F.3d at 1154. Because the CBA meets the requirements of Section 514, Campos's right to overtime exists solely as a result of the CBA and is thus preempted under Section 301. Accordingly, this Court has subject matter jurisdiction over Plaintiff's overtime-related claims and there is no need to reach the second step in the *Burnside* analysis. Because the Court has subject matter jurisdiction over one of the several Labor Code violations underlying Campos's sole PAGA claim, the Court can exercise supplemental jurisdiction over the rest of Campos's PAGA theories of liability. The Court therefore DENIES the motion to remand.

### 2. Grievance Process

Under Section 301, an employee must exhaust any CBA-provided administrative remedies before filing a lawsuit. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 986-87 (9th Cir. 2007) (the "failure to exhaust contractually mandated procedures precludes judicial relief for breach of the collective bargaining agreement"); *see also United Paperwork Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987) ("The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute."). "[A] CBA bars a plaintiff's statutory claims if the agreement's waiver of her right to sue is 'clear and unmistakable.' " *Williams v. Securitas Sec. Servs. USA, Inc.*, No. 23-CV-01863-LB, 2023 WL 5310937, at *8 (N.D. Cal. Aug. 16, 2023) (quoting *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79-80 (1998)). When a plaintiff fails to exhaust remedies under a governing CBA, the court must dismiss that plaintiff's Section 301 claim. *Truex v. Garrett Freightlines, Inc.*, 784 F.2d 1347, 1354 (9th Cir. 1985).

The CBA provision at issue here establishes a grievance process that applies to any "dispute concerning the interpretation or operation of this agreement raised by an employee or the union on behalf of the employee." RJN, Ex. A § 15.02. It also requires employees who believe there has been an injustice in connection with their discharge to request union representation and alert the company within five (5) working days. *Id.*, Ex. A, § 3.06. Failure to protest the injustice within five (5) working days constitutes a waiver of claims related to the discharge. *Id.*, Ex. A at § 3.07.

Campos's PAGA claim, based on Green Diamond's alleged failure to pay all hours worked, provide meal and rest breaks, provide suitable resting facilities and potable drinking water, pay wages upon termination, reimburse business expenses, or provide accurate itemized wage statements, constitutes a "dispute concerning the interpretation or operation" of the CBA. The PAGA claim cannot be evaluated apart from the CBA's grievance procedure and disputed discharge procedure. Campos's PAGA claim arising from waiting time penalties and failure to provide accurate wage statements cannot serve as an alternative course of relief because they are

derivative of the preempted minimum and overtime wage claims and meal and rest break claims. Because Campos's various claims all require exhaustion of administrative remedies, he may not now pursue judicial vindication of the claims. *See Soremekun*, 509 F.3d at 986. Moreover, Campos's failure to exhaust grievance procedure mandated by the CBA, taken together with the preemption of this claims, results in dismissal of Campos's claims with prejudice. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001) (dismissing plaintiff's contract claim with prejudice because "she failed to exhaust her remedies under the CBA"). The Court therefore GRANTS Green Diamond's motion to dismiss for lack of subject matter jurisdiction based on Campos's failure to exhaust.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Campos's motion to remand and **GRANTS** Green Diamond's motion to dismiss. The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Dated: May 28, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**